Brice M. Garner *against* Tiffany, Wyman and Co.

*December*, 1823.

Minor.
1m 167
124   324

IN the County Court of *Madison,   William Tiffany* and *Samuel Wyman,* declared as partners, trading under the firm of *Tiffany, Wyman* and Co. in Debt against *Brice M. Garner,* on a promissory Note, describing it as made at *Fayetteville,* to wit, in the County of *Madison* aforesaid.   *Garner* craved oyer of the *Note, and it was set out in the Record as follows :*

" *Fayetteville, March* 10th, 1820.   Nine months after
" date, we jointly *or* severally promise to pay *Tiffany, Wyman* and Co. or order fifteen hundred dollars, for value re-
" ceived.

" BRICE M. GARNER,

$1500.                   " C. BOYLES."

*1, T. and W. declare as partners, trading under the firm of T., W. and Co. If there be more than two partners, it can be shewn only under plea in abatement.*

*2, Note declared on as made at Fayetteville, viz. at the County of Madison.   It is to be intended that Fayetteville is in this State.*

and then demurred, assigning as causes of demurrer—That the declaration does not state all the persons to whom the Note appears to have been given, in that it is manifest by the declaration that *William Tiffany* and *Samuel Wyman* only are plaintiffs ; and by the Note it appears that it was payable to *Tiffany, Wyman* and Company ; and so all the persons entitled to sue are not joined in the action.

The County Court overruled the demurrer, and rendered

DECEMBER, 1823. judgment against *Garner* for the Debt, and *$139* Damages for its detention.

Brice M. Garner
v.
Tiffany, Wyman and Co.

*Garner* prosecuted a writ of Error to the Circuit Court, and there assigned that the County Court erred : first, In overruling his demurrer : secondly, In adjudging too much damages : thirdly, The Record does not shew by what rate of interest the damages were ascertained. The Circuit Court affirmed the judgment of the County Court: the entry of judgment being " that the judgment in the cause " aforesaid, rendered in the Court below, be in all things " affirmed, and stand in full force and effect ; and that the " plaintiff in the Court below recover against the defendant " in the Court below the amount of the judgment rendered " in said Court, together with ten per cent. damages, with " interest, and also the costs which have accrued in the " cause aforesaid, both in this Court and in the Court be- " low."

*Garner* prosecuted a writ of Error to this Court, and assigned that there was Error—1st, In affirming the judgment of the County Court, which on the Errors therein assigned ought to have been reversed.

2d, The judgment of affirmance is defective, being for no specific sum.

Judge *Crenshaw* delivered the opinion of the Court.

As to the first assignment, the declaration clearly states that the two plaintiffs, *Tiffany* and *Wyman*, were partners trading under the firm of *Tiffany, Wyman and Co.*, and that the promissory Note was made and delivered to them so trading. The words, *and Co.*, do not necessarily imply that there were other partners of this firm. If there were, the defendant should have plead this matter in abatement.

As to the rate of interest and amount of damages adjudged by the County Court—The declaration avers, that the Note was made at *Fayetteville, in the County of Madison;* and this averment is not denied. The Court could not judicially know that this place is not in this State, and from the Record was bound to conclude that the contract was made in *Madison* County, and that it carried interest according to the laws of this State. It would indeed be a novel course to infer against the averment in the declaration that the contract was made out of this State. Had this been the fact, the defendant should have shewn it by pleading. This, as well as the rate of interest in any other State, was matter *en pais* to be proved before a Jury on a proper issue. In this opinion we are unanimous.

Let the judgment be affirmed.